**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLORADO**
Bankruptcy Judge Thomas B. McNamara

In re:

SHAWN CHRISTOPHER HUBBARD,

Debtor.

Bankruptcy Case No. 26-11671 TBM
Chapter 13

---

### ORDER AND NOTICE REGARDING <u>PRELIMINARY AND FINAL</u> EVIDENTIARY HEARINGS ON MOTION TO CONTINUE STAY

---

The Debtor, Shawn Christopher Hubbard (the "Debtor"), filed for relief under Chapter 13 of the Bankruptcy Code on March 19, 2026.  On March 19, 2026, the Debtor also filed a "Motion to Continue Automatic Stay" (Docket No. 4, the "Motion to Continue Stay"), seeking extension of the automatic stay pursuant to 11 U.S.C. § 362(c)(3).  On April 10, 2026, FirsTier Bank ("FirsTier") filed an "Expedited Motion to Extend Objection Deadline and Continue Hearing on Debtor's Motion to Continue the Automatic Stay" (Docket No. 20, the "Motion to Extend) seeking an extension of its deadline to object to the Motion to Continue Stay, as well as a continuance of the hearing on the Motion to Continue Stay.  The Court granted the Motion to Extend, in part, and denied it in part, granting FirsTier an extension to file an objection,[1] but denying the request to continue the hearing (Docket No. 22).  Subsequently, the Court issued an "Order Clarifying Deadline for Objection to Motion to Continue Stay" (Docket No. 26).  Pursuant to such Orders, **FirsTier has until 12:00 noon on April 15, 2026**, by which to file an objection (if any) to the Motion to Continue Stay.

The Debtor's prior case, Bankr. Case No. 26-10162, was dismissed on March 2, 2026.

Pursuant to 11 U.S.C. § 362:

(3) if a single or joint case is filed by or against a debtor who is an individual in a case under chapter 7, 11, or 13, and if a single or joint case of the debtor was pending within the preceding 1-year period but was dismissed . . .) --

   (A) the stay under subsection (a) with respect to any action taken with respect to a debt or property securing such debt or with respect to any lease *shall terminate with respect to the debtor on the 30th day after the filing of the later case*;

---

[1]     The deadline for other creditors or parties in interest to object to the Motion to Continue Stay expired on April 10, 2026 (Docket No. 15).

(B) on the motion of a party in interest for continuation of the automatic stay and upon notice and a hearing, the court may extend the stay in particular cases as to any or all creditors (subject to such conditions or limitations as the court may then impose) after notice and a hearing *completed before the expiration of the 30-day period only if the party in interest demonstrates that the filing of the later case is in good faith* as to the creditors to be stayed[ .]

11 U.S.C. § 362(c)(3)(emphasis added).  Further, pursuant to 11 U.S.C. § 362(c)(3)(C), a case is presumptively "filed not in good faith" under certain circumstances.  In the event that the presumption comes into play, the debtor seeking an extension of the stay must rebut the presumption by "clear and convincing evidence to the contrary."  11 U.S.C. § 362(c)(3)(C).

To ensure that the Court is able to "complete" a hearing on the Motion to Extend and the Objection before expiration of the 30-day period (in this case, April 17, 2026), as required by 11 U.S.C. § 362(c)(3)(B), it is hereby

ORDERED that, if FirsTier files an objection to the Motion to Continue Stay, then at preliminary hearing set for April 16, 2026, at 9:00 a.m., the Court will proceed consistent with the procedures set forth in L.B.R. 4001-1(c); however, in the event that it is necessary for the Court to resolve disputed issues of fact that arise at the preliminary hearing, the Court will hold a final evidentiary hearing to resolve such issues **later that day** (most likely at **3:00 p.m. on April 16, 2026**).  **Thus, both parties should be prepared to present live testimony, if necessary, on the afternoon of April 16, 2026.**

DATED this 13th day of April, 2024.

BY THE COURT:

*Thomas B. McNamara*
Thomas B. McNamara,
United States Bankruptcy Judge