**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO**
Bankruptcy Judge Thomas B. McNamara

| | |
|---|---|
| In re: | Bankruptcy Case No. 26-11671 TBM |
| SHAWN CHRISTOPHER HUBBARD, | Chapter 13 |
| Debtor. | |

**ORDER DENYING MOTION TO REINSTATE CASE**

THIS MATTER comes before the Court on the "Motion to Vacate Dismissal and Reinstate Chapter 13 Case" (Docket No. 66, the "Motion to Reinstate") filed by Shawn Christopher Hubbard (the "Debtor") on May 6, 2026.  In the Motion to Reinstate, the Debtor requests that the Court reinstate his dismissed bankruptcy case.

## Background

The Debtor, acting *pro se*, filed a second voluntary petition for relief under Chapter 13 on March 19, 2026 (Docket No. 1).

On May 5, 2026, the Court dismissed the Debtor's bankruptcy case (Docket No. 65, the "Dismissal Order") for failure "to file and serve an Amended Chapter 13 Plan and Notice on or before April 29, 2026."  Prior to the Dismissal Order, the Court issued a "Order Regarding Amended Chapter 13 Plan And Order Resetting Deadlines" (Docket No. 53, the "Procedural Order").  In relevant part, the Procedural Order stated:

> 1. The Debtor shall file an Amended Chapter 13 Plan, consistent with Local Bankruptcy Form 3015-1.1 by **April 29, 2026**. The Court respectfully suggests the Debtor review Local Bankruptcy Rule 3015-1, including the Local Bankruptcy Forms associated therewith, and the Objection to Confirmation (Docket No. 48) filed by the Chapter 13 Trustee in connection with filing the Amended Chapter 13 Plan.
>
> 2. The Confirmation Hearing currently scheduled for May 13, 2026, at 10:30 a.m. is VACATED since an Amended Chapter 13 Plan shall be filed and sent out on new notice. The Court will conduct a new Confirmation Hearing on a trailing docket on the Amended Chapter 13 Plan and any Objections thereto on **Wednesday, June 10, 2026, at 10:30 a.m.** in Courtroom E,

1

U.S. Custom House, 721 19th Street, Denver, CO 80202 (the "New Confirmation Hearing").

3. The Debtor shall file and serve an Amended Chapter 13 Plan and a Notice (consistent with L.B.F. 3015-1.2), on or before **April 29, 2026**. The Debtor shall also file by that date a Certificate of Service confirming proper service of the Amended Chapter 13 Plan and Notice. <u>The Debtor shall serve all creditors and parties in interest, including the Chapter 13 Trustee with the Amended Chapter 13 Plan and Notice.</u> The Notice shall include information set forth below regarding how to participate in the New Confirmation Hearing telephonically. The deadline for Objections (which shall be set forth in the Notice) shall be **May 27, 2026**. . .

**6. Failure by the Debtor to timely file and serve the Amended Chapter 13 Plan and the Notice, and to file thereafter either the Verification of Confirmable Plan or Confirmation Status Report, shall be deemed cause for denial of confirmation and for dismissal without further notice or hearing. <u>If such failures occur, but the case is not dismissed for such failures, counsel for the Debtor shall appear in person for the Confirmation Hearing.</u>**

Subsequently, the Debtor filed an Amended Chapter 13 Plan on April 29, 2026 (Docket No. 58).  However, the Debtor did not comply with Paragraph 3 in the Procedural Order.  Specifically, the Debtor did not serve the Amended Plan and Notice on all creditors and parties in interest.

<u>Discussion</u>

The Debtor has failed to cite any legal authority in support of the Motion to Reinstate.  Perhaps the Debtor wished to rely on Fed. R. Civ. P. 60, as incorporated by Fed. R. Bankr. P. 9024.  That Rule provides:

(b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

2

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

The Debtor claims in his Motion to Reinstate that his failure to include the required Notice "was inadvertent and due to unfamiliarity with local procedural requirements while proceeding pro se."  This argument is without merit under Fed. R. Civ. P. 60.

At the last hearing in this case, the Court "advised the Debtor to consider retaining counsel" (Docket No. 44).  The Debtor has not done so.  In the 10th Circuit, *pro se* parties are generally held to the same standards as parties represented by counsel. ("*Pro se* status 'does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil . . . Procedure.'" *Yang v. Archuleta*, 525 F.3d 925, 927 (10th Cir. 2008) quoting *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir.1994)).

Even without the assistance of counsel, the Procedural Order specifically set forth the procedural steps for confirmation.  In the Procedural Order, the Court suggested that the Debtor review "Local Bankruptcy Rule 3015-1, including the Local Bankruptcy Forms associated therewith, and the Objection to Confirmation (Docket No. 48) filed by the Chapter 13 Trustee in connection with filing the Amended Chapter 13 Plan."  The Court also specified exactly what the Debtor was required to do by way of notice:

> 3. The Debtor shall file and serve an Amended Chapter 13 Plan and a Notice (consistent with L.B.F. 3015-1.2), on or before **April 29, 2026**. The Debtor shall also file by that date a Certificate of Service confirming proper service of the Amended Chapter 13 Plan and Notice. <u>The Debtor shall serve all creditors and parties in interest, including the Chapter 13 Trustee with the Amended Chapter 13 Plan and Notice.</u> The Notice shall include information set forth below regarding how to participate in the New Confirmation Hearing telephonically. The deadline for Objections (which shall be set forth in the Notice) shall be **May 27, 2026.**

Thus, any failure on the part of the Debtor to follow the Procedural Order was not "inadvertent and due to unfamiliarity with local procedural requirements while proceeding pro se."

The Debtor's filing of a "Notice of Filing of Chapter 13 Plan, Deadline for Filing Objections Thereto and Hearing on Confirmation" (Docket No. 67, the "Notice of Chapter 13 Plan") along with the Motion to Reinstate, does not cure these deficiencies. Moreover, the Notice of Chapter 13 Plan is facially deficient as it includes an incorrect Confirmation Hearing date (the Notice of Chapter 13 Plan lists May 27, 2026, instead of June 10, 2026, as set out in the Procedural Order), lacks a specific date for filing objections and, as of the date of this Order, no Certificate of Service for the Notice of Chapter 13 Plan has been filed.

### Notice to Debtor

If the Debtor chooses to refile for bankruptcy, the Court encourages the Debtor to seek the assistance of counsel.  Prosecution of matters in bankruptcy court requires familiarity with the Bankruptcy Code, the Federal Rules of Bankruptcy and Civil Procedure, and the Local Rules of this Court and the interplay among them.  The Bankruptcy Court and its staff are not permitted to advise debtors or other parties about how to proceed.  If the Debtor continues to file matters in this case, the Debtor will be held to the same standard as parties represented by counsel.  However, the Court has recently instituted a *pro se* bankruptcy clinic, staffed by an attorney, at which the Debtor might be able to receive some limited legal advice and assistance at no cost.  The Debtor can obtain additional information about the clinic at cobar.org/bankruptcy or by calling 720-633-8866.  Alternatively, some attorneys might be able to consult with the Debtor for free and might be able to work with the Debtor to determine whether legal fees can be paid through a Chapter 13 plan.  Or, if the Debtor's income is low enough, it is possible that Colorado Legal Services may be able to provide advice or assistance.  Colorado Legal Services can be reached at 1905 Sherman Street, Suite 400, Denver Colorado 80203; telephone number 303-837-1321.  Its website is http://www.coloradolegalservices.org.  Other organizations also might be able to provide *pro bono* legal services.  *See* https://www.denbar.org/Public/Pro-Bono-Legal-Assistance.

### Order

Because the Debtor has not demonstrated a basis for reinstatement under Fed. R. Civ. P. 60(b), or otherwise, it is

ORDERED that the Motion to Reinstate is DENIED.

DATED this 12th day of May, 2026.

BY THE COURT:

Thomas B. McNamara
United States Bankruptcy Judge